UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**    Order GRANTING Motion to Remand

Pending before the Court is Plaintiff Leonard Vitale's ("Plaintiff") motion to remand. Dkt. # 9. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing and reply papers, the Court GRANTS the motion to remand.

I.    Background

Defendant Celadon Trucking Services, Inc. ("Defendant") is a New Jersey Corporation with its principal place of business in Indiana. *Notice of Removal* ("NOR") ¶ 6. Defendant employed Plaintiff, a citizen of California, as a truck driver in providing shipping services throughout California. *Compl.* ¶¶ 5, 9.

Plaintiff filed this class action in Los Angeles Superior Court on May 27, 2015. Dkt. # 1. Plaintiff brings his suit as a class action on behalf of himself and all current and former California employees of Defendant, employed in California at any time beginning four years prior to the filing, who drove as "independent contractor[s]" for Defendant. *Compl.* ¶ 22. The Complaint lists 10 causes of action: 9 claims under various provisions of the California Labor Code, as well as one claim for violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq. Plaintiff brings his first cause of action – Intentional Misclassification of Employees in Violation of Labor Code § 226.8 – on behalf of himself and other current and former aggrieved employees under the Private Attorney General Act of 2004 (Labor Code §§ 2698 et seq.).

Defendant removed this action to federal court on July 9, 2015. Dkt. # 1. Defendant argues that this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

("CAFA"), 28 U.S.C. § 1332(d) and on the basis of complete diversity under 28 U.S.C. § 1332. *NOR* ¶¶ 4, 39. Challenging Defendant's calculations of the amount in controversy on either ground, Plaintiff now moves to remand the case. Dkt. # 9.

II. Legal Standard

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to remand the case to the state court from which it came if the district court lacks subject matter jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c).

III. Discussion

Defendant bases removal on both CAFA and complete diversity. For the following reasons, the court finds Defendant has failed to meet its burden of demonstrating that the amount in controversy requirement is satisfied under either basis.

A. CAFA

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5 million; (2) any plaintiff class member is a citizen of a state different from any defendant; and (3) the number of plaintiffs in the putative class is at least 100. *See* 28 U.S.C. § 1332(d). "[N]o antiremoval presumption attends cases involving CAFA." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). However, under CAFA, the burden of establishing removal jurisdiction remains on the party seeking removal. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). The parties do not dispute that the second and third requirements of CAFA are met; the sole point of contention is whether the amount in controversy exceeds $5 million.

Under CAFA, "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197–98 (9th Cir. 2015). If the plaintiff challenges the amount in controversy, the defendant must submit summary-judgment-style evidence establishing the amount by preponderance of the evidence. *Id.* Plaintiffs can also submit evidence in opposition, *see id.* at 1198, but there is no requirement that they do so. *See Townsend v. Brinderson Corp.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

No. CV 14-5320 FMO (RZx), 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890 GHK (JCx), 2015 WL 2452755, at *2 (C.D. Cal. May 21, 2015).

      Here, Defendant has submitted evidence of the amount of controversy in its NOR, and Plaintiff challenges that amount. Thus, Defendant has the burden of proving, through summary-judgment-style evidence, that it is more likely than not that the amount in controversy exceeds $5 million. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (preponderance of the evidence is a "more likely than not" standard). Defendant calculates Plaintiff's potential recovery under CAFA as $5,409,200. *NOR* ¶ 37. Defendant attributes $3,400,000 of this sum to its potential liability for Employee Misclassification under Cal. Labor Code § 226.8, and the remaining $2,009,200 to Plaintiff's additional causes of action and an estimate of attorneys' fees.[1] *Id.* Because the bulk of Defendant's stated amount in controversy stems from its potential liability for Employee Misclassification, the Court begins by addressing this value.

      1.     Employee Misclassification

      Defendant argues that Plaintiff's Employee Misclassification claims account for $3,400,000 towards the amount in controversy. *NOR* ¶¶ 9-14. Defendant makes the following arguments in support of that figure:

- Plaintiff alleges that Defendant willfully misclassified many of its employees in violation of Labor Code Section 226.8(b) and notes that the section carries a civil penalty "of not less than $5,000 and not more than $15,000 for each violation." *Compl.* ¶¶ 37, 39.

- Plaintiff alleges that Defendant "engaged in a pattern and practice of misclassifying their employees as independent contractors" in violation of Labor Code Section 226.8(c) and notes that this section carries a civil penalty "of not less than $10,000 and not more than $25,000 for each violation." *Id.* ¶¶ 38, 40.

- Labor Code Section 226.8(g)(2) permits employers who misclassify employees as independent contractors to be assessed penalties under both sections.

---

[1] The remaining $2,009,200 breaks down as follows: $166,592 for Failure to Provide Meal and Rest Breaks; $124,944 for Failure to Pay Overtime and Double Time; $124,944 for Failure to Pay Minimum Wages; $170,880 for Waiting Time Penalties; $340,000 for Wage Statements; and $1,081,840 in attorneys' fees. *NOR.* ¶ 37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

- Defendant consulted its business records and found there are 85 putative class members during the applicable one-year statute of limitations for Labor Code § 226.8. *Isaacs Decl.* ¶ 4.

- Assuming maximum recovery for each putative class member, potential recovery under this cause of action is: (85 class members * $15,000) + (85 class members * $25,000) = $3,400,000.

*NOR* ¶¶ 9-14. Defendants' NOR therefore hinges on several assumptions: first, that each putative class member not barred by the statute of limitations will be found to have been misclassified; second, that for each instance of misclassification, Defendant will be assessed the maximum penalty; and third, that Defendant will be assessed full penalties under both §§ 226.8(b) and (c).

    First, Defendant's calculations assume that each of the 85 putative class members will be found to have been "misclassified" under § 226.8(a). To contest this point, Plaintiff argues vaguely that "California district courts have refused to credit damage calculations based on variables not clearly suggested by the complaint or supported by evidence." *Mot.* 4:7-9, *citing Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1127 (C.D. Cal. 2010). However, Defendant is permitted to rely on the Complaint in estimating damages, and here the Complaint suggests that Defendant misclassified each of the putative class members. Because this is a binary determination, rather than one of degree, Defendant is correct that it may reasonably assume that 100% of the putative class members are theoretically entitled to penalties for misclassification. *Opp.* 4:12-14; *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (Defendant was permitted to assume that each class member was misclassified as an independent contractor, rather than an employee for purposes of calculating amount in controversy under CAFA).

    However, Defendant may not reasonably assume that it will be assessed the maximum statutory penalty for each instance of misclassification without alleging facts to support that assumption. *See Opp.* 9:16-21. Defendant relies wholly on a decision from the Eastern District of California for the proposition that a court may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met. *Id.*; *citing Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008). In *Korn*, the court reasoned that because the plaintiff alleged in his complaint that "defendant is liable for up to [the statutory maximum] per violation," the plaintiff put that amount in controversy for purposes of determining whether CAFA jurisdiction existed. *Id.* 1205-1206. Although the Complaint here notes the civil penalties associated with § 226.8, it makes no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | | Date | October 2, 2015 |
|---|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | | |

allegations as to whether Defendant is liable for the minimum or maximum penalty under the statute. Moreover, the *Korn* court did not discuss what the Court finds paramount here: the defendant seeking removal has the burden of showing, by a preponderance of the evidence, that the amount in controversy is satisfied. *See Ibarra*, 775 F.3d at 1197 ("[i]f a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one.")

Here, the plaintiffs challenge that amount, and the Court must therefore determine, based on the evidence, "where the preponderance lies." *Id.* at 1198. Because Defendant has offered no support for the assumption that it will be assessed the maximum penalty for each instance of misclassification, the Court cannot find that outcome to be more likely than not. *See Garibay v. Archstone Communities, LLC*, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (defendant failed to satisfy burden of establishing amount in controversy under CAFA where it "assume[d] that each employee would be entitled to the maximum statutory penalty, but provide[d] no evidence supporting that assertion"); *see also Solomon v. Mainline Information Sys., Inc.*, No. CV 11-07388 SJO (SSx), 2012 WL 137568 at *3 (C.D. Cal. Jan. 17, 2015) (defendant did not satisfy amount in controversy by a preponderance of the evidence where it implored the court to consider the statutory maximum penalty without any summary judgment-type evidence as to that assessment).[2]

Lastly, the Court is not persuaded as to Defendant's argument that Labor Code Section 226.8 permits employers who misclassify employees as independent contractors to be assessed penalties under both sections 226.8(b) *and* 226.8(c). Labor Code § 226.8(g)(2) provides: "If…the Labor Commissioner determines that a person or employer has violated subdivision (a), the Labor Commissioner may issue a citation to assess penalties set forth in subdivisions (b) and (c) in addition to any other penalties or damages that are otherwise available at law." Defendant construes the use of "and" to mean that penalties may be assessed under both subdivisions for the same instances of conduct. *Opp.* 10:8-11. Defendant then assumes that it will be assessed the maximum penalty for each instance under both subdivisions (b) and (c). However, the Court cannot agree with Defendant's reading of the statute. Plainly read, 226.8(g)(2) says nothing about whether subdivisions (b) and (c) may provide double penalties for the same conduct;

---

[2] Although the Court recognizes that Defendant should not be compelled to "submit evidence of [its] liability," *see Mejia,* 2015 WL 2452755, at *4, that does not relieve Defendant of its burden to put forth *some* evidence explaining its assumption that it will be penalized the statutory maximum for each prospective class member.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

rather, the use of the word "and" only indicates that available penalties are *set forth* in both subdivisions (b) *and* (c).

Moreover, Defendant's reading of the statute is illogical in light of the content of subdivisions (b) and (c). *See Roberts v. Sea-Land Services, Inc.*, 132 S.Ct. 1350, 1357 (2012) (statutory language "cannot be construed in a vacuum; [i]t is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme"). Subdivision (b) provides a per-instance statutory minimum and maximum penalty where a person or employer has engaged in willful misclassification of an individual. Subdivision (c) provides a higher per-instance statutory minimum and maximum penalty where a person or employer has engaged in willful misclassification of an individual *and* "the person or employer has engaged in or is engaging in a pattern or practice" of doing so. Defendant's argument — that penalties could be assessed under both subdivisions for the same instances of conduct — implies that a person could never be penalized under subdivision (c) without also being penalized under subdivision (b), since engaging in a pattern of behavior necessarily includes engaging in the behavior itself. That the legislature separated the two and provided a higher minimum and maximum penalty where an additional element is met suggests that subdivision (c) was intended as an alternative and more severe penalty where the employer's conduct meets an additional requirement. Accordingly, the Court cannot agree with Defendant that it is more likely than not to be assessed the full statutory maximum under both subdivisions for each instance of misclassification.

Defendant's calculations as to its § 226.8 penalties therefore fail in several instances. Even assuming that Plaintiff could recover the maximum statutory penalty for each of the 85 instances of misclassification, and assuming that Plaintiff could prevail on a theory that Defendant engaged in a widespread practice of misclassification – and could therefore receive the statutory maximum of $25,000 per each of the 85 instances – the amount in controversy attributable to misclassification would still only reach $2,125,000 ($25,000 * 85). Added to the remaining claims and attorneys' fees, this would put the amount in controversy at $4,134,200 ($2,125,000 + $2,009,200) – far below the $5 million requirement.

    2.    <u>Private Attorneys General Act ("PAGA")</u>

Plaintiff also argues Defendant has not shown the requisite amount in controversy because Defendant has included in Plaintiff's potential recovery a sum which must be distributed to the Labor and Workforce Development Agency ("LWDA"). Labor Code § 2699, which governs the distribution of Plaintiff's recovery under § 226.8, holds that "civil penalties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA…and 25 percent to the aggrieved employees." Cal. Lab. Code. § 2699(i). Plaintiff argues that because the class will only recover 25 percent of Defendant's potential penalties, only 25 percent are properly included in calculating the amount in controversy. *Mot.* 5:20-22.

Plaintiff cites to a recent Ninth Circuit decision where the Court was unpersuaded that an individual plaintiff's recovery on a PAGA claim — asserted on behalf of all aggrieved employees — could satisfy the amount in controversy requirement. *Urbino v. Orkin Services of CA, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). In *Urbino,* Defendant argued that by bringing a PAGA claim, the plaintiff was not asserting his own interest, but the state's collective interest in enforcing its labor laws through PAGA. *Id.* The Defendant claimed this was therefore a case where a single plaintiff effectively sought to aggregate two or more of his own claims against a single defendant, and that "those claims could be combined to satisfy the minimum amount in controversy requirement" of diversity. *Id.* Rejecting that argument, the Court found that "[t]o the extent Plaintiff can—and does—assert anything but his individual interest…we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction." *Id.* at 1122-23.

Plaintiff reads *Urbino* as standing for the proposition that where 75 percent of PAGA penalties would be awarded to the state, only 25 percent may be included in determining the amount in controversy. *Mot.* 5:16-20. Indeed, several district courts have read *Urbino* to compel that outcome. *See Main v. Dolgen California, LLC*, No. 2:13-cv-01637 MCE (KJN), 2013 WL 5799019, at *3 (E.D. Cal. Oct. 28, 2013) (reducing Defendant's estimated PAGA penalties by 75 percent and finding that amount in controversy fell below the $5 million required by CAFA); *see also Sanchez v. Res-Care, Inc.*, No. CV13-09415 RGK (SHx), 2014 WL 807997 at *3 (C.D. Cal. 2014) (finding that it was appropriate to include only 25 percent of the total PAGA penalties for determining amount in controversy). The Court finds that reasoning to be persuasive here. § 1332(d)(6) requires that "the claims of the individual class members shall be aggregated" to determine whether the $5,000,000 is met, but the potential PAGA penalties do not represent the aggregated claims of individual class members. 75 percent of that sum belongs to the state. As the state is not a "class member," and the PAGA penalty does not consist of aggregated claims of class members, Defendant should not be permitted to include the state's claim in asserting jurisdiction under CAFA. *See Controulis v. Anheuser-Busch*, CV13-07378 RGK (AJWx), 2013 WL 6482970 at *2 (C.D. Cal. Nov. 20, 2013) (holding that the 75 percent of PAGA penalties which would be paid to the state should not be included for purposes of determining amount in controversy under CAFA).

Thus, even if the Court were to give Defendant the benefit of assuming it could be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

penalized at the statutory maximum for each of the 85 putative class members under both § 226.8(b) and (c) – a proposition which the Court rejects – Defendant would still need to reduce the $3,400,000 attributable to Employee Misclassification by 75 percent. Plaintiff's potential recovery for Employee Misclassification would then be $850,000 ($3,400,000 * .25). Added to the remaining value of Plaintiff's claims and potential attorneys' fees, the amount in controversy would be $2,859,200 ($850,000 + $2,009,200) – far below the $5 million Defendant needs to establish CAFA jurisdiction. Because Defendant has not carried its burden of demonstrating that it is more likely than not that the amount in controversy reaches $5 million, the Court lacks jurisdiction on this basis.

B.    Diversity

Defendant also contends that this Court has jurisdiction under 28 U.S.C. § 1332(a) because there is diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000. *NOR* ¶ 39. Plaintiff does not dispute that diversity exists, but argues that the amount in controversy as to Plaintiff does not exceed $75,000, and that remand is therefore proper. *Mot.* 11:18-19.

Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino*, 726 F.3d at 1121-22 (citations and internal quotes omitted). To determine whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). There is a strong presumption that the plaintiff has not claimed an amount large enough to establish federal jurisdiction. *Id.* at 566; *accord Geographic Expeditions, Inc v. Estate of Lhotka*, 599 F.3d 1102, 1007 (9th Cir. 2010). "[F]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added).

Here, Defendant calculates the total amount in controversy as $150,000. *NOR* ¶ 56. $100,000 of this is attributed to attorney's fees. Although the Court finds that several of Defendant's other calculations — particularly with respect to Employee Misclassification — are suspect for the same reasons discussed in Section A, above, the Court need not address those miscalculations here because Defendant's assessment of attorneys' fees is deficient. First, Defendant's estimate appears to be based on attorneys' fees for the entire case. *Opp.* 21:22-26. Courts in the Ninth Circuit are split, however, as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy. Compare *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1003, 1011 n. 4 (N.D. Cal. 2002)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5193 PSG (GJSx) | Date | October 2, 2015 |
|---|---|---|---|
| Title | Leonard Vitale v. Celadon Trucking Services, *et al.* | | |

("While an estimate of the amount in controversy must be made based on facts known at the time of removal, that does not imply that items such as future income loss, damages, or attorneys' fees likely to be incurred cannot be estimated at the time of removal) with *Carranza v. Nordstrom, Inc.*, No. EDCV 14-01699 MMM (DTBx), 2014 LEXIS 172307, at *6 (C.D. Cal. Dec. 12, 2014) ("only attorneys' fees that have accrued as of the date of removal may be considered in determining whether the jurisdictional amount is at stake"); *Green v. Party City Corp.*, No. CV01-09681 CAS (Ex), 2002 WL 553219, *2 & n.3 (C.D. Cal. Apr. 9, 2002) (calculating attorneys' fees on the basis "only [of] work done by plaintiff's counsel prior to removal").

Regardless of where this Court stands on that split, Defendant has not met its burden of establishing amount in controversy by a preponderance of the evidence because Defendant assumes, without any factual basis for its assumption, that Plaintiff will incur $100,000 in attorney's fees. *NOR* ¶ 55. Courts routinely reject assumptions as to amount in controversy which are not reasonably supported by any factual basis. *See Sanchez*, 2014 WL 807997 at *2; *see also Walton v. AT&T Mobility*, No. 2:11-cv-01988-JHN-JC, 2011 WL 2784290 at *2 (C.D. Cal. July 14, 2011) (declining to decide whether amount in controversy calculation should limit attorneys' fees to time of removal because defendant "did not provide any factual basis for determining how much attorneys' fees ha[d] been incurred…bald assertions are not enough.") Because Defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000 as to Plaintiff's individual claims, jurisdiction on the basis of complete diversity cannot stand.

IV.   Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion and REMANDS this action to state court.